# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 ℭ𝔩𝔞𝔦𝔪𝔰

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * *   *
SAMANTHA SILVESTRI,                   *
                                      *     No. 14-666V
              Petitioner,             *     Special Master Christian J. Moran
                                      *
v.                                    *     Filed: September 19, 2016
                                      *
SECRETARY OF HEALTH                   *     Stipulation; hepatitis A vaccine;
AND HUMAN SERVICES,                   *     acute disseminated encephalomyelitis.
                                      *     ("ADEM"); multiple sclerosis
              Respondent.             *     ("MS").
* * * * * * * * * * * * * * * * * *   *
```

Ronald C. Homer and Meredith Daniels, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner;
Heather L Pearlman, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On September 13, 2016, the parties filed a joint stipulation concerning the petition for compensation filed by Samantha Silvestri on July 29, 2014.  In her petition, petitioner alleged that the hepatitis A vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which she received on January 6, 2012, caused her to suffer acute disseminated encephalomyelitis ("ADEM") and multiple sclerosis ("MS").  Petitioner further alleges that she suffered the residual effects of this injury for more than six months.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her alleged injuries.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that petitioner suffered ADEM, MS, or any other injury that was caused-in-fact by her January 6, 2012 hepatitis A vaccination; denies that her current disabilities are sequelae of these injuries; and denies that she experienced the residual effects of her injuries for more than six months.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum payment of $200,000.00 in the form of a check payable to petitioner, Samantha Silvestri.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 14-666V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| SAMANTHA SILVESTRI, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 14-666V |
| v. | ) Special Master Christian J. Moran |
| | ) ECF |
| SECRETARY OF HEALTH | ) |
| AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |

**STIPULATION**

The parties hereby stipulate to the following matters:

1.    Samantha Silvestri ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1]    The petition seeks compensation for injuries allegedly related to petitioner's receipt of the hepatitis A vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.    Petitioner received her hepatitis A vaccination on January 6, 2012.

3.    The vaccine was administered within the United States.

4.    Petitioner alleges that she suffered acute disseminated encephalomyelitis ("ADEM") and multiple sclerosis ("MS") as a result of her hepatitis A vaccination.    She further alleges that she experienced symptoms of these injuries for more than six months.

5.    Petitioner represents that there has been no prior award or settlement of a civil action

---

[1] The petition was originally filed on petitioner's behalf by her parents, Carl and Susan Silvestri. After petitioner reached the age of majority, petitioner was substituted as the sole petitioner herein.

1

for damages as a result of her alleged injuries.

6.   Respondent denies that petitioner suffered ADEM, MS, or any other injury that was caused-in-fact by her January 6, 2012 hepatitis A vaccination; denies that her current disabilities are sequelae of these injuries; and denies that she experienced the residual effects of her injuries for more than six months.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue a lump sum payment of $200,000.00 in the form of a check payable to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.   Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

2

expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.  Payment made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the hepatitis A vaccine administered on January 6, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about July 29, 2014, in the United States Court of Federal Claims as petition No. 14-666V.

3

14.    If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.    If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.    This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except as otherwise noted in paragraph 9 above.    There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.    The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.    This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the hepatitis A vaccine caused petitioner's alleged injuries, or any other injury, or that her current disabilities are sequelae of her alleged injuries.

18.    All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

<div align="center">END OF STIPULATION</div>

/

/

/

<div align="center">4</div>

Respectfully submitted,

**PETITIONER:**

Samantha Silvestri
SAMANTHA SILVESTRI

**ATTORNEY OF RECORD FOR PETITIONER:**

Ronald C. Homer by Meredith Daniels
RONALD C. HOMER Rule 83.1(c)(2)
Attorney for Petitioner
CONWAY, HOMER & CHIN-CAPLAN, P.C.
16 Shawmut Street
Boston, MA 02116
(617) 695-1990

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

Catharine E.
CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

for
NARAYAN NAIR, M.D.
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 2085

**ATTORNEY OF RECORD FOR RESPONDENT:**

Heather Pearlman
HEATHER L. PEARLMAN
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-2699

Dated: 09/13/16